DowNet, Judge,
delivered the opinion of the court.
The plaintiff, alleging mutual intent on the part of both parties in the making, during the war, of a contract between *606 it and the United States for certain bandages, to make such, contract on a cost plus 10 per cent profit basis, the elements of cost being defined by the Government, asserts a mistake on its part in submitting its requested statement as to cost, carried into the formal contract as the contract price, and seeks reformation or cancellation of the contract and a recovery of the amount by which the cost to it of the bandages, with 10 per cent profit, exceeds the amount actually paid it therefor at the prices stated in the contract.
The record leaves no room for doubt that the bandages actually cost the plaintiff more than it was paid; that the excess of cost over the amount received, with stated profit added, is at least the amount sued for (Government accountants make it more) ; and the equities of the case are apparent. The question is whether the plaintiff may in this action, recover an amount which it seems in justice and fairness it should have received.
The adverse contention is in substance that the plaintiff is bound by the specific prices fixed in the contract; that there are no facts justifying reformation; that the plaintiff is precluded from seeking reformation by its own negligence; and that by accepting payment at the price fixed m the contract it is estopped from claiming any further compensation.
There is but little room for dispute as to- material facts and it is not difficult to derive from the findings the .outstanding features of the case upon which the conclusion to be reached must, for the most part at least, be predicated. It may be said:
1. That it was determined by the surgical dressing committee of the Council of National Defense, on which the Surgeon General was represented, and of which plaintiff’s sales manager was a member, that the supplies here in question, with other surgical supplies within the jurisdiction of the office of the Surgeon General, should be bought on the basis of cost, the elements of which were also determined, with 10% of profit thereon added, and a form of contract to that end was prepared.
*607 2. That the furnishing of the bandages here in question was, by tbe committee in charge, allotted to the plaintiff company, of which the contracting officer was informed, that officer being also informed as to the basis upon which the contract was to be let, as stated above.
3. That the contracting officer notified the plaintiff of this allotment, requested to be advised whether it could furnish the bandages, the price and when it could deliver, and in a later communication informed the plaintiff further that he desired to be advised whether the prices submitted “ are equal to and no greater than ” certain stated elements of cost with 10% added.
1. That thereafter plaintiff quoted prices by wire without stating anything as to their basis, but in confirming the wire by letter stated that “ all of these prices conform with the regulations of the Government.”
5. That the Surgeon General’s office had not theretofore bought this character of bandages (veterinary) and' the plaintiff had never before made such bandages.
6. That in estimating the cost of the bandages' at the request of plaintiff’s sales manager, its superintendent estimated and submitted figures on the cost of bandages 1 yard in length, instead of 3 yards, as required, and the sales manager, in completing the estimate and submitting prices, overlooked this basis of calculation on the part of the superintendent and submitted figures for 3-yard bandages, finally written into the contract, on the basis of estimates' as to 1-yard bandages.
7. Attention of the contracting officer and of the Surgeon General’s office was immediately called to the error by the plaintiff and correction solicited. Further facts with reference thereto and final action taken appear in detail in the findings, and need not be summarized here.
The prices submitted were written into the contract as submitted and in that respect the contract is in form a contract at specific prices, but the whole contract is for consideration and other provisions therein, set out in the findings, are applicable only to a cost-plus contract. And more than that, it appears from contract provisions that the prices stipulated therein were not intended to be con- *608 elusive. At least so far as the United States is concerned this is apparent from the quoted provisions authorizing investigation and verification as to cost and readjusment accordingly. The Government’s contention must therefore mean that although not conclusive as against the United States, but subject to readjustment upon examination into questions of cost, it is nevertheless conclusive, at stated prices, against the plaintiff; that the Government may readjust the figures if the plaintiff has erred as against it, but no readjxistment is permissible if the plaintiff’s error' is against itself. The purpose of the contract is better served if it be conceived that readjustment were for the purpose of correcting any errors as to costs to the end that it might speak its true purpose.
In this connection a word is not inappropriate as to the contention that while the communication of the contracting officer to the plaintiff upon the subject of costs stated that he must be advised by the plaintiff that the prices submitted were “ equal to and no greater than ” stated elements of cost, with 10% added, the contract stipulated simply that thej^ “ did not exceed ” such costs and that therefore there was no stipulation that they were equal thereto and the contractor might, within the terms of the contract, agree and bind itself to prices much below costs. Such reasoning does not commend itself. Its import is that contractors, instead of conforming to the Government’s cost-plus plan, involving a small profit to them, are going to avail themselves of a possible opportunity to contract at less than cost, a rather unreasonable assumption. Indeed, the Government was not interested in fostering such a plan if contractors had been so improvident. The Government had developed a very extensive program of needs as to surgical supplies, etc. Representatives of the houses able to furnish such supplies were in conference, as a committee of the Council of National Defense, as to methods. The problem was to supply the needs and necessarily in that connection to foster, not destroy, those able so to do. Some of the needs, as in this case, were out of the ordinary. It was the part of wisdom to say to those undertaking to supply them that they should have the cost to them upon a stipulated basis Avith a very *609 modest profit of 10% added, and thus keep alive these agencies for the supplying of future needs, rather than to destroy the producing power of the smaller concerns such as this plaintiff by indicting a serious loss for the sake of an advantage in price in one particular instance. Indeed, it is not going too far to say that the quoted provisions of the contract authorizing the contracting officer to examine as to percentage of overhead and as to the elements of cost to ascertain if they are “ correct ” and authorizing the Surgeon General to employ accountants to verify costs, impliedly, at least, required the United States to adjust ascertained errors in its favor as well as against it.
The first remedy sought is reformation of the contract, and for the purposes of this case it is perhaps sufficient, without detailed consideration of the numerous authorities on the subject, to suggest the fundamental rule that mutual mistake, a mistake participated in by both parties resulting in something else being written than was mutually intended, will generally justify reformation to make the contract speak the common intent.
This contract, in the light of its terms and of facts' determined by both parties as to cost, speaks an irreconcilable inconsistency. There is no room for question that it was intended to be a cost-plus contract on a basis determined by the Government. The plaintiff so understood it and it was not only determined by those representing the Government that it should be so, but the contracting officer who,acted for the Government in making the contract was instructed by his superior that it should be so made, and, it may be added, he had, under the circumstances, no authority to cbn-tract otherwise.
The testimony of the contracting officer is not in the record. It is due the plaintiff to say that it made every effort to get it but was prevented from so doing by the fact that he has retired from the Army and was traveling extensively abroad, and the court has not seen fit to admit the testimony of this officer taken before the Contract Adjustment Board. The record shows that he required the plaintiff to state that its submitted prices were “ equal to and no greater than “ the *610 cost on the determined basis, and the plaintiff, ip connection with the figures submitted, stated that “ these prices conform with the regulations of the Government.” It was a new product for which the Surgeon General’s office had never before contracted or the plaintiff made, that was one of the reasons, in fairness to both parties for contracting on the cost-plus basis, and it is'but reasonable to assume, in the absence of anything indicating otherwise, that the contracting officer simply accepted the plaintiff’s statement as a correct statement of the prescribed costs and wrote the contract accordingly. In the face of his instructions and his requirements of the plaintiff it is unreasonable to assume otherwise than that he was intending to write and execute a cost-plus contract on the prescribed basis. With the same mutual intent as to the basis of the contract, it was otherwise written, and we see no reason why it should be made to speak the mutual intention of the parties. The prices as submitted were necessarily estimated without the guide of experience, the Government’s representatives did not know what they should be, provisions for investigation and readjustment were therefore inserted in the contract, and costs have, since the performance of the contract, been determined to the satisfaction of both contracting parties.
Some point is made on the fact that the plaintiff, after learning of its mistake, did not make application for the three months’ revision of prices provided for in a quoted clause of the contract. That clause clearly had no application to a condition such as this and the mistake could not properly have been rectified thereunder. That clause contemplated revision of prices, applicable for the succeeding three months, by addition or deduction of the increase or decrease in the costs of materials and labor. There was no basis for such a revision.
It is also contended that the plaintiff should be denied any relief because of its own negligence. Perhaps to a degree it was negligent. Possibly it may be said that mistakes generally are the fruit of negligence. But the circumstances are for consideration. The product called for was new. Experience as a guide was absent. War work was pressing. The mistake as explained by submitted *611 computations was a natural one. There is no fixed rule by which negligence or its effect may be measured, but it seems to us an unjustified defense under the circumstances.
It is also contended that the plaintiff has precluded itself by accepting payments made to it without protest. But such a contention is not well taken. It was not necessary that it should protest at the time payments were made to it if it had otherwise asserted its rights and disclaimed acquiescence in the settlements made as in full. After repeated assertion of its claimed right, even to the extent of withholding deliveries until its mistake was recognized and corrected, it notified the contracting officer, when yielding to importunities for delivery, that it would complete deliveries and bill at the price stated in the contract, but when deliveries were completed it would make an additional claim for the further sum claimed to be due it.' It sufficiently indicated its nonacceptance of payments made as in full. The contracting officer expressed gratification at its decision to complete deliveries and bill as provided for in the contract, “ leaving the question of adjusting prices to be taken up at a later date.”
We are of the opinion that the plaintiff is entitled to have the contract reformed so as to make it speak the intention of the parties to contract on the basis of cost, as prescribed by the Government, with 10% added, and that upon such reformation the plaintiff is entitled to recover the amount claimed, and we have so ordered.
Judgment for plaintiff in the sum of $20,040.20.
Hay, Judge; Booth, Judge, and Campbell, Chief Justice, concur.