Hay, Judge,
delivered the opinion of the court:
On October 14, 1918, the plaintiff entered into a contract in writing with the United States whereby it agreed to manufacture certain coats for the United States at the price of $1.75 per coat. Before signing the contract the plaintiff •called attention to the fact that the coats provided for in the contract were not the kind of coats which had been described to it in the preliminary negotiation, and stated that the price fixed in the contract was too low, and that it could .not manufacture the coats at the price fixed in the contract. The officers of the United States urged the plaintiff to sign the contract, as the material for the coats could not be turned •over to it until the contract was signed; that it was necessary to begin work at once; and that the price could and would ,be adjusted after the contract was signed and work under *596 it begun. Thereafter, while the work was in progress, the-United States sent to the plant of the plaintiff certain expert price fixers, who, after an inspection of the work, fixed the price at $2.25 per coat, 50 cents more per coat than, the contract price. The plaintiff agreed to accept this price, and Capt. William Brooks, Q. M. C., an officer acting under the authority of the Secretary of War, agreed to pay the-same, he having at the time the contract was signed agreed that the price should be adjusted after the work had been, inspected.
The United States paid the plaintiff the price per coat which was stated in the contract to be $1.75 per coat, but declined to pay the price of $2.25 per coat. Thereupon the plaintiff filed a claim in the War Department for the difference between the price which it had been paid and the-price agreed upon between it and Captain Brooks; namely, 50 cents per coat on the 10,002 coats delivered, or the sum of $5,001, which is the amount claimed in this suit.
This claim was referred by the Secretary of War to the Board of 'Contract Adjustment, and on January 30, 1920, the said board, treating the claim as a Dent Act claim, allowed the claim in full and gave the following reasons for so doing:
“ In the matter of the claim of Snellenberg Clothing Co., Philadelphia, Pa. Document setting forth the nature, terms, and conditions of the agreement for manufacture of pea jackets. Case No. 150-C-2119.
“ 1. On or about October 14, 1918, a formal contract was entered into between the claimant and Philip W. Tucker, second lieutenant, Q. M. C., purchasing and contracting-officer, by which the claimant was to furnish the Government with 10,000 pea jackets from November 2, 1918, to November 30, 1918, at $1.75 per garment, according to specifications attached. It was agreed at the time that both price and specifications .were tentative, and that the price should be changed to meet any change in specifications.
“ 2. Subsequent to the date of the contract, and soon after deliveries were to be begun under it, the specifications of the articles to be manufactured were changed by Capt. William Brooks, an officer authorized to make such changes, so that the garments when completed were not the specified pea jackets but were of a kind familiarly known as mackinaws. The cost of manufacture was thereby increased.
*597 “ 3. The .Government cost expert, Dr. N. I. Stone, fixed :$2.25 as a suitable price for the changed garment.
“ 4. Thereupon Capt. William Brooks, authorized thereto by Harry L. Wells, acting chief of the uniform section, •entered into an oral supplementary contract, on or about November 2,1918, with the claimant whereby the claimant was to manufacture and deliver to the Government the garments .•according to the changed specifications, and whereby the -Government should pay therefor a reasonable price.
“Approved and certified this 30th day of January, 1920.
“BOARD OF CONTRACT ADJUSTMENT,
“ By Charles F. Harding, Member.
“ Willard A. Doerr,
“ Major, F. A., Recorder?
Whereupon the Secretary of War approved the decision ■of the said board and made an award to the plaintiff for the :sum of $5,001.
The Comptroller of the Treasury, upon the request of a •disbursing officer for a decision, held that the award of the Secretary of War was not conclusive in this case, and that the same should not be paid. And it has not been paid.
The Board of Contract Adjustment made the following ■certificate:
War Department,
Board of Contract Adjustment,

Washington.

Form C. Claim No. 150-C-2119.
CERTIFICATE OF THE BOARD OF CONTRACT ADJUSTMENT
We, the Board of Contract Adjustment, having made due ■and proper investigation, find that an agreement was entered into in good faith between Snellenberg Clothing Co., Philadelphia, Pa., and Captain William Brooks, Q. M. C., an officer or agent acting under the authority, direction, or instruction of the Secretary of War (the President of the United States), on or about the 2d day of November, 1918, during the emergency arising from the declaration of war with the German Empire and prior to November 12, 1918, for a purpose connected with the prosecution of the war; that the agreement had been performed in whole or in part, ■or expenditures had been made or obligations incurred by .the claimant on the faith of such agreement, prior to November 12, 1918; that the agreement had not been executed in the manner prescribed by law, and is within the provi *598 sions of section 1 of the act of Congress approved March 2, 1919, entitled, “An act to provide relief in cases of contracts’ connected with the prosecution, of the war, and for other purposes,” and that the documents attached hereto constitute a detailed statement showing the nature, terms, and conditions of said agreement; and.we hereby recommend that the Secretary of War proceed to adjust, pay, or discharge-the said agreement.
Board of Contract Adjustment,
By John Ross Delafield,
Colonel, Ordnance, CTwknrum.
Dated January 30, 1920.
Attest:
William A. Doerr,
mMajor, F. A., Recorder.
From this certificate it will be seen that the Said board certified to the Secretary of War that the claim of the-plaintiff came under the provisions of the act of March 2, 1919, 40 Stat. 1272. The Secretary of War proceeded to a consideration of the claim and made an award in favor of the plaintiff for the sum of $5,001.
We are of opinion that the Secretary of War had no jurisdiction under the Dent Act of this claim. The claim is one which grows out of a written contract, and one which was “ executed in the manner prescribed by law,” and is therefore not within the provisions of that act.
However, the facts in this case show that both parties understood that the price written into the contract at the time it was made was not the price which was finally to be paid. They agreed that the price was to be fixed when it was finally determined upon what kind of a coat was to be manufactured and delivered, the character of coat finally agreed upon being an entirely different coat than that called for in the contract. The defendant, in pursuance of the understanding had when the contract was signed, sent its cost experts to the plaintiff’s factory to determine a fair price for the coat which was being manufactured and delivered. These experts of the Government fixed the price at $2.25 per coat instead of $1.75 per coat named in the contract. Thus the real understanding of the parties as to price when the contract was signed was arrived at, and the obligation is upon the Government to pay it. We are there *599 fore of opinion that the plaintiff is entitled to have the contract reformed so as to make it speak the intention of the parties on the basis of cost fixed by the Government through its agents sent to the plaintiff’s factory for the purpose of ascertaining a fair price for the article being manufactured and delivered under the contract. Upon such reformation the plaintiff is entitled to recover the sum of $5,001. Hygienic Fibre Co. v. United States, 59 C. Cls. 598. Poole Engineering & Machine Co. v. United States, 58 C. Cls. 9.
Judgment for the plaintiff in the sum of $5,001. It is so ordered.
Gkaham, Judge; DowNet, Judge; Booth, Judge; and Campbell, Chief Justice, concur.