Campbell, Chief Justice,
delivered the opinion of the
court:
The facts are stipulated. The plaintiff had a contract, dated April 29, 1918, with the United States and was proceeding with its performance. It involved the manufacture of vanadium steel for 500 sets of certain airplane parts to be furnished and delivered in accordance with an order. The order directed that after inspection at plaintiff’s plant the material should be packed for domestic shipment and furnished f. o. b. cars, point of origin, and shipped on Government bills of lading. This order was later changed so as to provide for some shipments by express prepaid. In accord- *300 anee with this last order plaintiff made shipments and prepaid express charges to the amount of $3,637.35 for which it «duly submitted voucher, and it also submitted another voucher for $679.70 covering material it had already fur-, nished and delivered under the contract,. the two sums aggregating $4,317.05. These two vouchers were duly approved and in the possession of an Army disbursing officer for payment. But before they were paid the Government, in December, 1918, terminated production under the plaintiff’s contract, and on March 6, 1919, the plaintiff and authorized Government officers proceeded to ascertain the damages caused by the termination. They reached the conclusion that plaintiff should receive $4,604.38 on that account, and a settlement contract was entered into which, among other things, recited that the plaintiff, pursuant to the contract, had incurred expenses and obligations for the purpose of delivering the “ articles remaining undelivered ” under the contract and was relinquishing prospective profits thereon. It provided for the payment of the $4,604.38, and added “ which sum shall constitute full and final compensation for articles or work delivered, services rendered, and expenditures incurred by the contractor under said contract.” Because of this language in the settlement contract the disbursing officer declined to pay the two approved vouchers issued, as above stated, before the termination of the original contract. His action was sustained by the accounting officers upon the same grounds. In the settlement the parties were concerned with the conditions that arose .out of the termination of plaintiff’s contract No. 3741, as its recitals plainly show. It refers to the fact in the language above quoted that expense had been incurred toward the furnishing of work “ remaining undelivered.” The question is put at rest by the stipulation that “ in executing the settlement contract, the plaintiff and the officers through a mutual mistake did not consider the outstanding vouchers.” No reason is assigned why those vouchers should have been taken into the settlement when they were for work delivered before the contract was terminated and the damages caused by the termination were the subject of the settlement. The
*301 language adopted was broader than was necessary to describe what the plaintiff was being paid for, and there is no question that this court may in proper cases reform a written instrument to speak the intention of parties to it. See Milliken Imprinting Co. case, 202 U.S. 168, 174; Ackerlind case, 240 U.S. 531, 534. We are satisfied that the intention was to determine the amount due plaintiff growing out of the termination of the contract and that it was not the intention of either plaintiff or those representing the Government in making such settlement to consider, or include, the outstanding vouchers for material that had been furnished before the contract was ended, and that were due whether there was a settlement contract or not. The contract should be’reformed so as to provide that in addition to the sum of $4,604.38 therein mentioned the plaintiff should receive the sum of the two vouchers above mentioned, amounting to $4,317.05. An order setting forth the clause as amended should be entered. And it is so ordered.
Graham, Judge; Hay, Judge; Downey, Judge; and Booth, Judge, concur.