Hay, Judge,
delivered the opinion of the court:
The plaintiff is suing to recover the sum of $19,527.74, which it claims is due it by the United States.
*396 On June 15, June 30, and July 1,1920, the plaintiff entered into four contracts with the United States whereby it agreed to furnish and deliver to the United States certain wood for use at Ellington Field, Olcott, Tex. The proposals for furnishing the fuel covered by the said contracts were required to be opened May 14, 1920, at the office of Lieutenant Colonel Dravo, who was the purchasing and contracting officer of the United States authorized to open the bids and award and execute the contracts. Prior to the opening of the bids the plaintiff informed the contracting officer that it desired it to be understood that its bid was based upon present freight rates, and that if the freight rates were increased or decreased after contracts were entered into its delivery price would be governed thereby. The contracting officer stated that that was clearly understood, and that the contract would provide, for such increase or decrease of rates; but the plaintiff was not satisfied with this verbal assurance and asked permission of the contracting officer to file with its bid a letter stipulating that the said bid was based upon freight rates then in effect, and providing for increase or decrease of the then existing freight rates. The plaintiff thereupon attached to its bid before delivery to the contracting officer a letter dated May 14, 1920, which reads as follows:
“ Referring to the attached proposals on wood for various posts and camps, beg to advise that our prices are based on freight rates now in effect. Should these rates be increased or deci’eased during the term of the contract, should we be awarded any of this business, our prices are to be governed accordingly.”
When the bids were opened by the defendant the letter of the plaintiff of date May 14,1920, was found attached to the bid, and the bid so submitted was accepted and the contract awarded in accordance with the bid. Due to a mistake, no specific clause was written into the contract covering the increase or decrease of freight rates as was contemplated by the parties and stipulated for in the bid of the plaintiff, and the plaintiff in signing the contract believed the clause aforesaid was incorporated therein and signed the contract in that belief. After the contract had been executed freight rates *397 were increased and the plaintiff at once made claim for additional payments due to tire increase in freight rates. The contracting officer wrote the plaintiff under date of April 25. 1921, as follows:.
“ Receipt is acknowledged of your communication of April 20th re increased freight rates. The position you take regarding refundment by the Government to you of increased freight rates granted by the Government subsequent to your entering into contract for furnishing wood is absolutely correct.
“ If provision covering this contingency was not made a part of your contract, it was due to an oversight in the office of which, at the time the contract was entered into, I was in charge. Your communication to me dated May 14,1920, sets forth clearly that such a provision should have been made a part of your contract, and if at the present date such provision is not contained in your contract the same should be so amended as to include that provision.”
The plaintiff therefore believing that the increased freight rates would be paid proceeded with the delivery of the wood under said contracts, and by reason of the increase in freight rates was compelled to pay and did pay the sum of $19,527.14 more than it would have been obliged to pay had there been no increase in rates.
The plaintiff made claim upon the United States for the aforesaid amount; payment thereof was refused, and the plaintiff thereupon brought this suit.
It is quite evident that both parties to the contract believed the provision providing for the increase or decrease in freight rates was embodied in the contract when it was signed by them; due to mistake, which was mutual, the provision aforesaid was omitted from the contract. Both parties understood the obligations imposed by the contract to be different from those stated in the written instrument. In such a case the court will reform the contract in accordance with the real intention and understanding of the parties shown by the evidence. We are therefore of opinion that the plaintiff is entitled to have the contract reformed so as to make it speak the intention of the parties to the contract, and that upon such reformation the plaintiff is entitled to recover the amount clamed, to wit, the sum of $19,527.74. See Poole Engineering & Machine Company v. United States, 58 C. *398 Cls. 9; Walter D. Lovell v. United States, 59 C. Cls. 494; Hygienic Fiber Company y. United States, 59 C. Cls. 598; Snellenburg Clothing Co. v. United States, 60 C. Cls. 592; West Leechburg Steel Co. v. United States, 61 C. Cls. 294. See also 1 Comptroller General’s Dec. 587 where in a case similar to this in all respects the Government ivas held liable.
Moss, Judge; Graham, Judge; Booth, Judge/ and Campbell, Chief Justice, concur.