Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover the sum of $33,828, which is the difference between the less-than-carload rate of $0,435 per hundred pounds and the carload rate of $0,155 per hundred pounds for the transportation of 5,000 tons of cement from Hannibal, Missouri, to Caseyville or Paducah, Kentucky.
The plaintiff was paid $0,155 per hundred pounds for transporting 3,120 tons of cement from Hannibal to Casey-ville or Paducah.
The plaintiff entered into two contracts with the United States dated August 15 and September 23, 1922. These contracts -were verbal, but confirmed by letters dated, respectively, August 15 and September 23, 1922. The first letter reads as follows:
Edward F. Goltra,
LaSalle Bldg., St. Louis, Mo.
Sir : This confirms arrangements made with you by Major Ware of this office to transport on barges from Hannibal, Missouri, to Dams Nos. 36 and 38, Ohio River, located, respectively, near Cincinnati, Ohio, and Rising Sun, Indiana, 25,000 barrels of cement at a charge 20 per cent less than the railroad freight rate to Coney, Ky., and Aurora, Indiana.
It is understood that this office will arrange for the furnishing of tarpaulins for covering the cement and that there will be no charge other than the prices stated above.
It was further agreed by the U. S. engineer office at St. Louis that it would arrange for a return tow for you of 6,000 tons of coal from Caseyville, Ky., to St. Louis, Mo.
This office will do everything possible to keep a channel open for four-feet draft barges over the stretch of river to be traversed in order that the above towing may be done.
By direction of the district engineer:
Albert M. Baker,

Chief of Supply.

After this letter was written the plaintiff and the United States entered into another verbal contract, which the plaintiff confirmed by a letter dated September 23, 1922, which reads as follows:
“Referring to verbal agreement entered into with you yesterday at Paducah, beg to say :
“ 1. We will transport the three thousand or more tons of cement which you have purchased from the Atlas Cement *154 people from Hannibal, Missouri, to Caseyville, Kentucky, in barges loading to 3% feet only, at the railroad tariff rate, Hannibal to Caseyville..
“ 2. In the event the dredging outfits do not get the river from Paducah to Caseyville in such condition as will enable us to proceed ,to Caseyville, we will make delivery at Pa-ducah, the rate being the railroad tariff to that point.
“ 3. You to furnish, at your expense, tarpaulins, etc., necessary for full protection of the cement.
“ 4. Terms: Cash upon delivery of cement at Caseyville or Paducah, as1 the case may be.
“ We are now proceeding to Hannibal and hope that the cement people will get us loaded so as to get away from there by a week from to-morrow.
“ Thanking you for your order, we remain
“ Yery respectfully yours,
“ Goltra Barge LiNe.”
It will thus be seen that the second contract took the place of and abrogated the first contract. The difference between the two is that the rate to be paid for fhe transportation is changed from 20 per cent less than the railroad freight rate to the full railroad tariff rate, and the quantity of cement is changed from 25,000 barrels (5,000. tons) to three thousand or more tons.
The plaintiff insists that he is entitled to receive compensation for the transportation of 5,000 tons of cement, notwithstanding the fact that he only transported 3,120 tons. He contends that while the contract calls for the transportation of “three thousand or more tons,” yet it really meant 5,000 tons, and that the words “ three thousand or more tons ” written in the letter was an inadvertence on his part, and this notwithstanding the fact that he was the author of the letter interpreting the verbal contract. He says that it was the intent and meaning of the verbal contract that 5,000 tons should be transported, and that the United States meant that 5,000 tons should be inserted in the contract, and that being so, that he is entitled to the compensation for the transportation of the 5,000 tons. The plaintiff alleges that there has been a mutual mistake of fact which will authorize the court to reform the contract so that it will' express the true meaning of the parties. *155 Snellenburg Clothing Company v. United States, 60 C. Cls. 592, is cited in support of the contention of the plaintiff. That case is a very different one from the case at bar. The facts in this do not show that both parties understood that the quantity of cement written into the contract at the time it was made was not the quantity which was to be transported. There is here no mutual mistake of fact; no fraud is charged, and the court can not reform a contract which the plaintiff himself interpreted. The court must conclude that the quantity “ three thousand tons or more ” must have been a part of the verbal contract, or how else could the plaintiff in interpreting that contract have hit upon this quantity, especially as he insists that 5,000 tons was always ip the minds of both parties. We are of opinion that the plaintiff can be paid only for the transportation of the quantity of cement set out in the contract.
The plaintiff while it transported 3,120 tons of cement from Hannibal to East St. Louis, was paid 15y2 cents per hundred pounds from Hannibal to Paducah or Caseyville, the places mentioned in the contract. This was the carload rate between those places. The plaintiff, however, contends that he is entitled to be paid the less-than-carload rate of 43y2 cents per hundred pounds. The contract provides : “ The rate being the railroad tariff.” The contract is therefore silent on whether the rate was the carload rate or the less-than-carload rate. In interpreting the meaning of the contract we must resort to common sense and the custom of shippers in agreeing upon rates. Here was a shipment which if it had been made over a railroad would have called for the use of not less than 60 or TO cars. It is hardly possible that any person making a contract for the shipment of this amount of freight would have agreed to pay 431/2 cents per one hundred pounds when he could have obtained the same service for 15y2 cents per one hundred pounds. The amount which the plaintiff has been paid for the transportation of the cement was the railroad tariff between the places mentioned in the contract, and he is not entitled to receive more than the carload rate.
*156 The petition of the plaintiff must be dismissed. It is so ordered.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
Gkaham, Judge, took no part in the decision of this case.