Graham, Judge,
delivered the opinion of the court:
This case involves the question of the reformation of a written contract where it is claimed that the language of the contract does not clearly express the agreement and in *56 tention of the parties. One of the parties to the contract was the Board of Commissioners of the Port of New Orleans, an agency of the State of Louisiana. They were acting in their public capacity and as trustees in the expenditure of a fund which under the authority of law had been raised by the sale of bonds secured by certain structures or improvements to be built by the city for improving conditions at the port. The board had floated a bond issue of $4,000,000, the proceeds of which were pledged to the purposes just named. They had expended a portion of the money received from the sale of these bonds in purchasing certain land and in doing certain work, purchasing certain materials for the erection of a warehouse and in promoting the sale of the bonds, and had paid certain sums as interest on said bonds up to the date of the contract, the pertinent portion of which is hereinafter set forth, and also had entered into certain contracts for erection of buildings and supplying of materials.
In the month of May, 1918, during the period of the World War, the United States Government was anxious to secure the land so purchased and otherwise controlled, and to complete the erection of and to control the buildings which had been planned and were under way. The board, representing the people of the city, doubtless impelled by their patriotism, at once consented to turn the project over to the United States in its inchoate condition without taking any profit but only asking that they be made whole on and reimbursed for their actual expenditures up to date of the contract.
Prior to entering into a formal contract, there were some preliminary negotiations between the representatives of the board and representatives of the War Department of the United States Government, General Goethals, Assistant Chief of Staff, in charge of purchase, storage and traffic, and some four or five of his subordinates, and the result of these conferences, as found by the court, was as follows:
“A general understanding was reached for the sale of certain land to the United States by the said board, including the warehouse in course of construction, and the lease of wharves appurtenant to said warehouse and of wharf house, *57 and the work and materials already furnished and under contract, and the assignment of contracts for materials, the exact price to be paid for the same not being stated or fixed in dollars but to be ascertained and fixed so as to reimburse the said board for the entire cost of the same to it and to make said board whole as to its outlay in connection therewith up to the date of a contract to be entered into; that is to say, as to all expense to which the board had been put and all outlay made by it. This understanding was reached on a proposition originating with and made by the representative of the defendant.” (Finding IV.)
The court has found further that—
“ During the negotiations preliminary thereto and at the time the parties to the contract in suit affixed their respective signatures they intended and meant that under the terms thereof plaintiff should be reimbursed by the defendant all expenditures entering into the actual cost of constructing the said warehouse, including the sums here sued for but not including any profit, and that with respect to such expenditures the plaintiff should be made whole.” (Finding VI.)
The contract as drawn contained the following language:
“ 5. The commissioners have commenced the construction on said premises first above described of a warehouse and have entered into contracts for the materials for the completion thereof and of wharf and wharf house thereon. The Government will, in addition to paying the commissioners for the said lands first above described, pay them at the same time for the work and the materials already furnished for said building thereon the sums actually paid by the commissioners therefor as determined by an audit of the books of the commissioners. The commissioners will also assign to the Government such existing contracts which they have entered into for the materials for the completion of said building, wharf and wharf house on said parcel of land, as the Government shall elect to take over.”
After payment had been made in full for the purchase of the land and the warehouse and the leases and materials, the plaintiff presented a further claim for a proportionate part of the expense to said board of promoting the bond issue for the property taken over by the Government and a proportionate part of the interest paid on the bonds up to the date of the execution of the contract. The officers of *58 the Government declined to pay these sums, basing their decision upon the above-quoted section, 5, of the contract, and claiming that these additional sums claimed for the promotion and the interest were not covered by the language of said provision 5 of the contract.
The plaintiff is here asking that the contract be reformed upon the ground that it was the understanding of the parties that the plaintiff should be made whole as to all expenditures and that it was the intention and understanding of the parties that the contract as drawn should cover this understanding and intention, and it was understood when it was drawn that it did. The court has found in the findings above quoted that the plaintiff’s contention as to the understanding and intention of the parties as to the purpose and the meaning of the contract has been established. The contract should therefore, under numerous decisions of this court, be reformed.
Since the enactment of the statute of March 3, 1887, 24 Stat. 505, this court has had equitable jurisdiction to reform contracts so as to accomplish the intention of the parties. See Aetna Construction Co. v. United States, 46 C. Cls. 113; South Boston Iron Works v. United States, 34 C. Cls. 174; United States v. Milliken Imprinting Co., 202 U. S. 168; Poole Engineering & Machine Co. v. United States, 58 C. Cls. 9; and Heid Brothers v. United States, 63 C. Cls. 392, and cases therein cited.
It' is clear that the language of the contract as executed did not express the previous understanding and intention of the parties or the obligation which it was the intention of the contract to impose and which the parties understood that it imposed. Assuming that the language used did not require payment by the Government of the amounts claimed by the petitioner for promotion of the sale of, and interest on, the bonds; it is clear that in not so doing it failed to express the intention of the parties or their meaning as understood 'by each at the time the contract was executed. It therefore should be reformed, and it is reformed to meet the understanding and intention of the parties as found by the findings, and so as to cover the liability of the defendant *59 for tbe amounts proven by the petitioner to have been expended as claimed for promotion and interest. The findings fix the amount for promotion as $1,729.33 and interest as $30,436.00, making the total $32,165.33, the amount stated by the attorney for plaintiff in his argument as the correct amount of its claim, this amount being several thousand dollars less than the amount claimed in the petition.
Judgment should be entered for the plaintiff for $32,-165.33, and it is so ordered.
Williams, Judge; LittletoN, Judge; GkeeN, Judge; and Booth, Ohief Justice, concur.