**LOVELL CLAY PRODUCTS COMPANY,**
a corporation, Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. No. 4318.

United States District Court
D. Wyoming.

Jan. 18, 1961.

Henry A. Burgess and Holstedt & Schwartz, Sheridan, Wyo., for plaintiff.

John F. Raper, Jr., U. S. Atty., Cheyenne, Wyo., and John F. Murray, Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

KERR, District Judge.

Taxpayer institutes this action to recover the sum of $15,167.57, plus interest, paid as principal and interest due under a deficiency assessment of income tax for the year 1954.

The government has interposed a motion to dismiss the complaint for the reason that the claim for refund was not filed within three years from the due date of the return or within two years from the time the tax was paid, as required by Section 6511 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6511. There is no dispute of the facts. The parties have stipulated that the sole issue in the case is whether the claim for refund was filed within "two years from the time the tax was paid".

On January 18, 1957, Herschel H. Donahue, Collection Officer for the Internal Revenue Service, called at the office of the taxpayer in Lovell, Wyoming, for the

purpose of collecting the tax in question. On said day the taxpayer delivered to the Collection Officer its check in the amount of $15,167.57. Upon receipt of the check the Collection Officer issued a receipt therefor. There was printed upon the official receipt delivered to the taxpayer the following: "The remittance will be forwarded to the District Director of Internal Revenue District at Cheyenne, Wyo.". On the same date, January 18, 1957, Mr. Donahue mailed the taxpayer's check, together with his daily report, to the District Director of Internal Revenue, at Cheyenne, Wyoming.

On January 21, 1957, the District Director's office at Cheyenne, Wyoming, received the daily report with the taxpayer's check attached thereto. On January 23, 1957, the aforesaid daily report and the check were entered on the document register, Form 813, and sent to the cashier's office for credit to the taxpayer's account and subsequent deposit of the collection.

On January 26, 1959, the District Director received from the taxpayer a claim for refund in the amount of $15,167.57, plus interest. This claim was dated January 23, 1959. The refund claim was disallowed on the basis that it was not timely filed and the taxpayer was so notified.

The government takes the position that the tax was paid January 18, 1957, when the check was handed to the Collection Officer, or, in the alternative, that the tax was paid not later than January 21, 1957, when the check was received at the District Director's office at Cheyenne, Wyoming.

On the other hand, the taxpayer's position is predicated on the theory that the tax in question was not paid until January 23, 1957, when the check was received and accepted by the cashier's office of the District Director, or, at the very earliest, when the check and report in conjunction with its collection were entered on the document register of the Director's Office on January 23, 1957.

Federal Statutes Involved.

■ Internal Revenue Code of 1954: "Sec. 6151. Time and place for paying tax shown on returns

"(a) *General rule.*—Except as otherwise provided in this section, when a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary or his delegate, pay such tax to the principal internal revenue officer for the internal revenue district in which the return is required to be filed, *and shall pay such tax at the time and place fixed for filing the return* (determined without regard to any extension of time for filing the return)." (Emphasis added) 26 U.S.C.1958 Ed., Sec. 6151.

"Sec. 6311. Payment by check or money order

"(a) *Authority to receive.*—It shall be lawful for the Secretary or his delegate to receive for internal revenue taxes, or in payment for internal revenue stamps, *checks,* or money orders, to the extent and under the conditions provided in regulations prescribed by the Secretary or his delegate." (Emphasis added) 26 U.S.C.1958 Ed., Sec. 6311.

"Sec. 6511. Limitations on credit or refund

"(a) (as amended by Sec. 82(a), Technical Amendments Act of 1958, P.L. 85–866, 72 Stat. 1606) *Period of limitation on filing claim.*—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or *2 years from the time the tax was paid,* whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * *" 26 U.S.C.1958 Ed., Sec. 6511. (Emphasis added.)

Both the congressional enactments and the departmental regulations promulgated pursuant thereto reflect a practical approach to the difficulties inherent in the payment of taxes. It would work a great hardship and inconvenience on taxpayers if checks were not accepted in payment of tax returns. Without a doubt the statute was enacted to avoid just such inconvenience and hardship. The plain meaning of the above-quoted statute is that the check is received as payment of the tax on the condition that it be paid afterwards by the bank on which it is drawn. Such is the only condition imposed by Congress. I am averse to indulge in the judicial legislation demanded by the taxpayer by conditioning payment on the receipt and acceptance of the check in the cashier's office of the District Director, or by requiring that the check and report be entered on the document register of the District Director's office.

The unreasonableness of either of these requirements is apparent. During the rush season, for example, it is conceivable that a check might be received by the Director in due time, but that there could be a delay amounting to days or weeks before it would be entered upon the register. Consequently, the taxpayer's payment would be deemed delinquent through no fault of his and he would be subject to the penalty imposed by law, although he had fully complied with the statute with reference to payment by sending his check to the Director before the due date of the tax. Stated conversely, the taxpayer would be liable for a penalty for doing precisely what the statute authorized. Certainly this result was not intended by Congress and I think that it would be an unreasonable construction of the statute not justified by its language.

This identical question has been before the courts many times and it appears to be a uniform rule that the time of actual receipt of the check by the District Director is the date of the payment of the tax. See Second Nat. Bank of Saginaw v. United States, 1930, 39 F.2d 759, 69 Ct.Cl. 52; Second Nat. Bank of Saginaw v. United States, 1930, 42 F.2d 344, 69 Ct.Cl. 52; Paulson v. United States, 10 Cir., 78 F.2d 97; Remington-Rand Inc. v. United States, D.C., 57 F.2d 1069; Colonial Trust Co. v. United States, 1932, 55 F.2d 512, 73 Ct.Cl. 549; B. Altman & Co. v. United States, 1930, 40 F.2d 781, 69 Ct.Cl. 721; W. H. Hill Co. v. Commissioner of Internal Revenue, 6 Cir., 64 F.2d 506; Holland v. McGowan, D.C., 162 F.Supp. 156.

There is no doubt in the mind of the Court that under the statutes, decided cases and stipulation of the parties, the taxpayer is not entitled to a refund of the tax paid as his claim was filed too late. The motion to dismiss is sustained.