## SECOND NAT. BANK OF SAGINAW v. UNITED STATES.

### No. K–38.

Court of Claims.
June 16, 1930.

Theodore B. Benson, of Washington, D. C., for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Charles F. Kincheloe, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

GREEN, Judge.

In the opinion originally filed we held that the Treasury regulation which fixes the day on which the collector receives the check in payment of taxes as the date of payment unless the check is returned dishonored is a reasonable and valid regulation. In the motion for new trial plaintiff's attorney calls attention to another regulation which recites—

" * * * A taxpayer who tenders a certified check in payment for taxes is also not released from his obligation until the check has been paid,"

And also to a Treasury decision holding that a check tendered in payment of federal taxes does not discharge the liability of the taxpayer until the check is actually paid in money.

No reference was made in the former opinion to the regulation and decision above quoted, and counsel for plaintiff contends that under this regulation and decision it must be held that the day when the check is cashed is the day of the payment of the tax. As this question was not discussed in our former opinion, we think it advisable to indicate our views thereon.

We do not think that the two regulations are inconsistent. They follow section 1325 of the Revenue Act of 1921 (42 Stat. 316), which, after providing that collectors may receive uncertified checks *"in payment of"* income, war-profits, and excess-profits taxes, also provided that if the check so received is not paid by the bank on which it is drawn the person tendering the check "shall remain liable for the payment of the tax." (Italics ours.)

The plain meaning of the statute is that the check is received as payment of the tax on condition that it is afterwards paid by the bank on which it is drawn. The rule with reference to the date of conditional payments ordinarily is that when the condition is thereafter performed or fulfilled the payment relates back to the time when the medium of payment is received. 48 C. J. § 14, p. 595. The two regulations must be considered together as carrying out the intent and purpose of the statute. When we consider the manifest intent and purpose of the statute, the consistency of the regulations with the statute and general law will, we think, be clear. The Treasury decision upon which plaintiff relies, we think, has reference to the contingent "liability" which still exists after receipt of the check.

Obviously, it would be to the greatest inconvenience of the taxpayer if checks were not accepted in payment of the tax, and the statute was enacted to avoid this inconvenience. At the same time the statute made the matter of release from liability conditional in the manner stated above. It may well be doubted whether the regulation was necessary in order to fix the time of payment as when the check was received. But at all events the situation was such that Congress can reasonably be held to have authorized such a regulation. Often the check is drawn on a remote bank and will pass through several banks before reaching the bank on which it is drawn. If the date of payment is not when the check was received but when paid by the bank, in a very great number of cases the taxpayer would be liable for the penalty imposed by the law for not making the payment when the tax was due, although he had fully complied with the statute with reference to payments by sending the commissioner a check before the due date of the tax. In other words, the taxpayer would be liable for a penalty for doing exactly what the statute authorized. This certainly was not intended by Congress, and we think it would be an unreasonable construction of the statute which nothing in its language or in the general law would justify. We might also note in this connection that such a construction would enable the government to collect interest as well as penalties to which it was not entitled.

The motion for new trial must be overruled. It is so ordered.

This case came on for hearing before WHALEY, Judge, was appointed. He therefore took no part in this decision.