## COMMISSIONER OF INTERNAL REVENUE v. BRADLEY et al.

### No. 5852.

Circuit Court of Appeals, Sixth Circuit.

March 8, 1932.

Hayner N. Larson, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and De Witt M. Evans, all of Washington, D. C., on the brief), for petitioner.

C. W. Dudley, of Washington, D. C. (Roper, Hurrey & Dudley, of Washington, D. C., on the brief), for respondent.

Before HICKS and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

TUTTLE, District Judge.

This is a petition by the Commissioner of Internal Revenue to review a decision of the Board of Tax Appeals allowing, as a deduction from the gross income of a deceased taxpayer, a payment of taxes which the Commissioner contends was deductible only from the gross income of the executors of the estate of such deceased, who are the respondents here.

The material facts are not in dispute, and may be stated, sufficiently for the purposes of this opinion, as follows: On June 25, 1926, the duly authorized agent of M. A. Bradley, now deceased, made and delivered to the county treasurer of Cuyahoga county, Ohio, a check of the said Bradley, drawn on the Union Trust Company of Cleveland, in the sum of $47,383.51, in payment of certain taxes on real estate of the said taxpayer then due and payable. This check was accepted by the county treasurer on condition that it should be promptly paid on presentation to the drawee therein, the tax statement expressly reciting that, if checks received for taxes were "not paid on presentation, the taxes will be restored to duplicate without further notice, and penalty added." On the following day, and before presentation of the check for payment, the taxpayer died. Thereafter, on September 21, 1926, the check was presented to the institution on which it was drawn and immediately paid by it. This payment has not been challenged or questioned either by the county or by the estate of the deceased, but, on the contrary, has been recognized and approved by them as a payment, by such deceased, of the said taxes, as of the time of the delivery and acceptance of the aforementioned check. The deceased kept his books on the basis of cash receipts and disbursements, and this payment was included as a deductible item in the income tax return of the deceased for the period from January 1, 1926, to June 26, 1926, as filed by the respondent executors. The Commissioner of Internal Revenue disallowed this item as a deduction from the gross income of the deceased, which disallowance, on peti-

tion of the respondents for a redetermination of the matter, was set aside by the Board of Tax Appeals. The Commissioner seeks to review such decision of the Board here.

Section 214 (a) of the Revenue Act of 1926 (chapter 27, 44 Statutes at Large, 9, 26, 26 USCA § 955 (a) (3), which was in effect at the times here involved, included the following provision:

"In computing net income there shall be allowed as deductions. * * *

"(3) Taxes paid or accrued within the taxable year."

Section 200 (d) of said act (44 Statutes at Large, 10, 26 USCA § 931 (d) provided in part as follows:

"The deductions and credits provided for in this title shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred,' dependent upon the method of accounting upon the basis of which the net income is computed under section 212 or 232, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period."

Section 212 (b) of the said act (44 Statutes at Large, 23, 26 USCA § 953 (b), included the following provision:

"The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."

The sole question involved is whether the payment of the taxes mentioned is a proper deduction from the gross income of the deceased taxpayer, for the last taxable period of his lifetime, as contended by the respond-

ent executors of his estate and held by the Board of Tax Appeals, or whether such payment is deductible only from the gross income of such executors, for the taxable period subsequent to the death of the deceased, as claimed by the Commissioner of Internal Revenue.

█ We think it entirely clear that the decision of the Board was correct. It cannot be doubted that the delivery and acceptance of this check as payment of the taxes in question constituted a conditional payment, by the deceased, of such taxes, as of the time of such delivery and acceptance, subject only to a condition subsequent that such check would be promptly paid on presentation thereof to the drawee. Second National Bank of Saginaw v. United States (Ct. Cl.) 42 F.(2d) 344; 21 Ruling Case Law, 70; 48 Corpus Juris, 618. When, therefore, the check was paid promptly on such presentation, the condition to which this payment was subject was performed, and what had been, at the time of the acceptance of the check, a conditional payment by the deceased, became an absolute payment by him as of that time.

█ The fact that the death of the drawer of the check before its presentation revoked the authority of the drawee to pay it did not affect the validity or effect of such check as between the drawer and the payee, at least after its payment by the drawee, but merely subjected the latter to possible liability to the estate of the deceased for such unauthorized payment. As, however, neither the estate nor the county is complaining of such payment, but both have acquiesced therein, the legal situation as between the taxpayer and the government appears to be, in all substantial respects, the same as if the check had been presented and paid during the life of the deceased.

We conclude that the Board of Tax Appeals reached the correct result, and its decision is affirmed.