JOSEPH R. CURL, *Executor, etc. v.* SECURITY TRUST COMPANY, *etc.*

(CC 696)

Submitted January 30, 1945. Decided March 6, 1945.

*Erskine, Palmer & Curl,* for plaintiff.
*McGinley, Paull & Petroplus,* for defendant.

KENNA, JUDGE:

Joseph R. Curl, Executor of the last will and testament of Elizabeth Erskine, sued Security Trust Company in the Circuit Court of Ohio County by way of notice of motion for judgment and after the appearance of the defendant the matter, without objection, was transferred to the chancery side of the court, after which both bill and answer were filed. The purpose of the proceeding was to recover, as the personal representative of the sole residuary beneficiary of a trust *inter vivos* created in nineteen hundred and twenty by William Erskine, Elizabeth Erskine, his wife, and Security Trust Company, Trustee, the amount of five hundred and eighty dollars and seventy cents alleged to have been wrongfully withheld by Security Trust Company, five hundred and twenty-eight dollars and sixty-five cents of that amount being withheld as a commission of two per cent for distributing the corpus in kind of the trust estate with which it stood charged, it being the contention of the plaintiff that the trust instrument under the terms of which Security Trust Company was acting, expressly provided only an annual compensation of fifty dollars, thus limiting the compensation of the trustee to the named amount for both administration and final settlement, the trustee contending that in addition it was entitled to withhold a customary commission of two per cent of the value of the corpus on final distribution.

The answer of the trust company alleges in great detail the creation and history of the trust, and, after admitting what we regard as the material allegations of the bill of complaint, in effect contends that the annual compensation to the trustee of fifty dollars provided in the trust instrument is plainly not intended to be exclusive of the compensation on a percentage basis customarily allowed fiduciaries in Ohio County upon the reasonable value of the corpus of the estate upon final settlement and distribution and that it therefore is lawfully entitled, in addition to the annual compensation which it admits having received, to two per cent of the estate's capital, ninety-eight per cent of which it has delivered to plaintiff.

There is no controversy concerning the highly satisfactory administration of the trust nor the value of the corpus of the trust estate.

In October, nineteen hundred and twenty, William Erskine, an able lawyer residing in Marshall County, Elizabeth Erskine, his wife, called "beneficiaries", and Security Trust Company, called "trustee", executed a declaration of trust transferring to the trustee seventy-five hundred dollars in cash and secured promissory notes of a like sum payable one year from date. The notes were later reduced to cash. The trustee agreed to hold and to invest and reinvest both the capital and income of the trust fund in preferred stock and other securities deemed safe by it and earning the greatest income consistent therewith, and to pay the income to the beneficiaries and to the survivor of them, or the survivor's personal representative, from time to time, after deducting therefrom any necessary taxes and other charges of administration of the trust, including an annual compensation to the trustee of fifty dollars. In addition to so administering income the trustee agreed, " * * * if required by the said beneficiaries, or the survivor of them, * * * " to not only disburse the income but also to disburse any part of the capital of said fund as it shall be requested to disburse for the benefit of the beneficiaries, the remainder of the fund

to be invested in augmentation of the trust fund and to follow "the destination thereof". The declaration of trust is quite lengthy and contains the usual provisions of such a paper in detail.

In December, nineteen hundred and twenty, William Erskine died and Mrs. Erskine was paid the income of the trust fund, perhaps *in toto,* until the year nineteen hundred and thirty-nine, and, for that year and until the time of her death in nineteen hundred and forty-three, she ceased to withdraw the income with the result that when she died the fund had grown so that it amounted to between twenty-four and twenty-five thousand dollars.

The Circuit Court sustained the demurrer of complainant to the respondent's answer and upon doing so certified to this Court the following legal questions:

"1. That when a trust agreement expressly provides that the trustee shall invest the corpus and pay the income from said trust to designated beneficiaries or the survivor thereof, after deducting therefrom any necessary taxes and other charges of administration, including an annual compensation of $50.00 for the said trustee, the trustee may not claim additional compensation for delivering the corpus to the personal representative of the surviving beneficiary upon the latter's demand for delivery thereof.

2. When the trust agreement expressly provides for the payment of an annual compensation to the trustee, no custom or practice can authorize the payment of additional compensation for the act of delivering the corpus of the trust estate to the personal representative of the surviving beneficiary.

3. That the amount of compensation fixed by the trust agreement here in question cannot be changed, altered or affected by the amount of compensation to be paid the trustee in an entirely unrelated trust instrument.

4. That the delivery of trust property to the settlor, or to a beneficiary who has the right to call in the corpus, after the trust has terminated, is not such a distribution as would entitle a trustee to compensation as upon final distribution."

Neither the bill nor the answer alleges that the trustee has complied with the provisions of article 4, chapter 44 of the West Virginia Code dealing with the time during which fiduciaries are required to make a return of their transactions, receipts and disbursements before a commissioner of accounts, so that it is to be supposed in the absence of contrary averments, that the requirements of the chapter referred to have been complied with. This observation is made for the reason that Code, 44-4-14, is the only statutory provision that we have been able to discover dealing specifically with the compensation to be allowed trustees, without which, Virginia having no applicable statute enacted prior to the separation, we would be confronted with the rule laid down in England that a trustee is entitled to no compensation. That section, which deals with fiduciaries in general including trustees, provides that in a settlement, after the allowance of reasonable expenses, allowance shall be made for " * * * also, except in cases in which it is otherwise provided, a reasonable compensation in the form of a commission on receipts or otherwise." It will be noted that this section provides no fixed compensation and limits the commissioner of accounts in allowing a reasonable compensation to cases in which it is not "otherwise provided."

It would seem that the compensation to be allowed an active trustee is a matter of first impression before this Court. The creation of an active trust being purely contractual, the settlors of course had it within their discretion to fix the compensation of the acting trustee as they saw fit. Otherwise, under our cases, the compensation to be allowed apparently rests on *quantum meruit,* a five per cent commission on receipts being the general allowance. *Tyler* v. *Reynolds,* 120 W. Va. 232, 197 S. E. 735. However, the general trend of authorities outside of this jurisdiction favors the principle that where the trust instrument or declaration of trust stipulates the compensation of the trustee in terms, the trustee is restricted to the stipulated compensation, unless the clear meaning of the instrument is otherwise. Under the circum-

stances alleged in the bill of complaint and in the answer, in whose averments there seems to be no material conflict, we are of the opinion that no compensation by way of a percentage allowance upon final distribution in kind was contemplated by the settlors.

The duties of the trustee during the life of the trust were indeed considerable. These, however, were clearly contemplated, by the trust instrument and were clearly covered by the compensation of fifty dollars per annum provided expressly in that paper. The trustee's activities during the operative period were not confined to a disbursement of the income of the trust fund, but, under the terms of the paper, included the possible expenditure of its principal. The trustee was required, if requested by both cestuis, or by the survivor in case of the death of one of the two, to pay on demand any part or all of the trust capital. Clearly it was contemplated by the settlors that the corpus of the trust estate might be materially depleted, or even exhausted, during the active life of the trust while fifty dollars annually compensated the trustee in full. In that event nothing would have remained for final distribution upon which the trustee could claim a commission. Undoubtedly, under the defendant's contention, had Mrs. Erskine wished to avoid payment of additional compensation to the trustee upon final settlement, she could have done so, to a very large extent, at least, by requesting from time to time during a period of twenty years, that in addition to the income the trustee pay her a material part of the trust capital, leaving little or nothing in its hands to be paid at the conclusion of the trust. In other words, the trust instrument is so drawn that any compensation to the trustee beyond the fifty dollars and gauged by the amount finally disbursed, would be purely speculative and would rest entirely within the power of the beneficiaries to allow or disallow. This fact, when considered in connection with the fact that the principal duties of the trustee were obviously intended to be discharged by its capacity and alertness during the active life of the trust and during the period that its services were intended to be compensated by the meager

annual allowance, we think leaves no alternative but confines the trustee's allowance to the stipulated sum.

It is suggested in argument that confining of the trustee to the stipulated sum was not within the contemplation of the settlors because in the event the trust had terminated within sixty or ninety days following its creation the trustee's compensation would have been absurdly negligible. Conceding that the periodic sum to be paid to the trustee would have been divided in that event, and that the year was not the minimum time fixed to determine compensation, we can only say that that possibility was plainly within the contemplation of the trustee when it voluntarily executed the trust instrument and knowingly accepted its duties in compliance with its terms.

For the foregoing reasons the findings of the Circuit Court of Ohio County are affirmed and the cause remanded.

*Affirmed.*