## ALLEN v. ALLEN.

No. 32605.    Sept. 21, 1948.

Rehearing Denied Nov. 30, 1948.

*201 P. 2d 786.*

Tom W. Garrett, of Oklahoma City, for plaintiff in error.

Robert E. Shelton, of Oklahoma City, for defendant in error.

LUTTRELL, J.    This appeal involves another phase of the litigation between these parties arising subsequent to our decision in Allen v. Allen, 196 Okla. 36, 162 P. 2d 193.    We therein held that the contract between the parties was not merged in the decree of divorce rendered by the district court of the State of Nevada, and that plaintiff could maintain an action upon such contract in this state.    We reversed the judgment of the trial court holding that the contract was merged in the decree, and remanded the case for further proceedings not inconsistent with the views expressed in our opinion.    After the case was remanded the trial court rendered judgment for plaintiff as to un-

paid monthly payments under the contract. As to the insurance policy, which under the contract defendant was required to carry for the benefit of plaintiff, the trial court found that the contract required the defendant to carry the policy only for such time as defendant was connected with the Chrysler Corporation; that he ceased to be connected with the Chrysler Corporation on January 1, 1940; that said insurance policy was terminated on that date, and that defendant was not required, under the provisions of the contract, thereafter to carry such insurance on his life. The court's judgment followed the finding, and plaintiff appeals from that part of the judgment.

The provisions of the contract with reference to life insurance are contained in the second paragraph thereof. Said paragraph reads as follows:

"Second: So long as the husband is connected with the Chrysler Corporation, he agrees to keep in full force and effect and good standing, a certain policy of insurance for Ten Thousand Dollars ($10,000.00) (Certificate No. CG-9354) and to permit the beneficiary therein, Lucille M. Allen, to remain unchanged except with her consent thereto. If at any time, for any cause, said insurance policy shall cease to be effective, except for the death of the husband, the husband agrees to provide a new policy in like amount to insure his life in a reputable old line insurance company, in which policy the wife shall be named first as sole beneficiary."

Plaintiff contends that the second sentence in said paragraph imposed upon defendant the obligation to provide other insurance upon the expiration of the policy specified in the first sentence, which was apparently group insurance, regardless of whether or not he was employed by the Chrysler Corporation, and that upon the severance of defendant's connection with the Chrysler Corporation and the expiration of the insurance carried by him as an employee of said corporation, it required him to provide a policy of insurance in lieu thereof, for the amount specified in the contract, ($10,000) in which she was named the beneficiary, and to keep said policy in force until his death, or until her remarriage or death.

Defendant contends that the second sentence did not require him to take out or carry insurance for the benefit of plaintiff after his connection with the Chrysler Corporation was terminated, but referred to the insurance mentioned in the first sentence, and contemplated the possibility that he might become ineligible for the continuance of this insurance while employed by Chrysler Corporation, or that he might permit the insurance policy to lapse and be unable to secure reinstatement, or that he might be able to obtain a different type of policy at the cheaper rate, or one offering benefits not provided for by the Chrysler Corporation policy. He contends that all the provisions of the second paragraph of the contract quoted above clearly referred to situations arising only while he was employed by Chrysler Corporation, and that upon the severance of such employment he was relieved of any obligation as to insurance. He urges that the construction contended for by plaintiff nullifies the condition "so long as the husband is connected with the Chrysler Corporation", which, he avers, applies to the entire paragraph, and requires the court to add to the second sentence of the paragraph, immediately preceding the word "if at any time, for any cause", the further provision "if the husband ceases to be connected with the Chrysler Corporation".

A careful study of the provisions of the second paragraph of the contract as set forth above convinces us that the first sentence and the second sentence deal with two distinct contingencies or situations.

The first sentence is an unconditional agreement by the defendant to keep in force the policy then in existence, which he maintained as an employee of Chrysler Corporation under its group policy

plan. This obligation rested upon him so long as he was connected with the Chrysler Corporation, it apparently being the understanding and belief of the parties that said policy should and would remain in full force and effect while he was so employed. That this understanding or belief was justified is evidenced by the fact that it did so continue, and terminated only upon the severance of defendant's connection with the Chrysler Corporation.

By the second sentence therein contained it was the intention of the parties to provide for additional insurance upon the termination of the policy referred to in the first sentence of said paragraph, whether such termination was occasioned by the severing of defendant's connection with the Chrysler Corporation, or for any other cause except defendant's death, and by it the parties intended to, and did, place an obligation upon the defendant which did not depend upon his continued employment by Chrysler Corporation.

In Autry v. First National Bank of Wynona, 131 Okla. 279, 269 P. 286, Autry contended that under the terms of a contract between him and the parties who purchased property from him, he was not required to pay off outstanding incumbrances on the property until he had received sufficient money in payment of notes made by the purchaser to liquidate said incumbrances. Autry asserted that this was the proper construction to be given the following provision in the contract:

" 'There being loans on said property of $2,000.00, $2,500.00, which said first party agrees to pay, and to release the above property therefrom, all of said property to be free from any and all incumbrances whatsoever as soon as money can be realized on said notes, given by second party to said first party.' "

This court held that under the provisions above quoted the obligation to pay the specific incumbrances therein mentioned was unconditional, and that the latter part of the sentence, providing that all of said property was to be free from incumbrances, related to other incumbrances which might exist against the property. The court said:

"Plaintiff contends that he was under no obligation to pay the building and loan association until he had received sufficient payments from the Harlows on the purchase price of real estate to discharge said incumbrances of the Building and Loan Association. This construction is reading something into the contract that is not there. As we construe said contract, plaintiff agreed to pay said loans, and further agreed that said property would be free from any and all incumbrances whatsoever as soon as money could be realized on the notes given by the defendants to the plaintiff. This latter provision appears to relate to other possible incumbrances or probably to the mortgage securing the purchase price of the defendants, but not to the loans of the Building and Loan Association."

In the instant case the two obligations imposed upon defendant are much more distinctly set forth, defined and distinguished than were those in the Autry case. In the instant case the only connection between the first and second sentences of the quoted paragraph is that the obligation provided in the second sentence devolves upon defendant only if and when the insurance policy referred to in the first sentence terminates. The provision that a new policy should be provided if the old policy ceased to be effective "for any cause", is limited only by the death of the husband, and there is nothing therein stated from which a reasonable inference may be drawn that the obligation to provide such other insurance is limited only to the time he is employed by Chrysler Corporation. It is, therefore, clear that by its plain terms the second sentence applies to any situation in which the parties were placed after the insurance policy, carried by defendant as an employee of Chrysler Corporation, should cease to be effective during his lifetime, regardless of the time at which, or the reason for which, it was rendered ineffective.

**4**

Defendant calls attention to the fact that in Kunc v. Kunc, 186 Okla. 297, 97 P. 2d 771, we held that our divorce statutes did not confer upon the trial courts power, in decreeing a divorce, to require the husband to carry life insurance for the benefit of the wife. But in Allen v. Allen, supra, and in Allen v Allen, 201 Okla. ___, 209 P. 2d 172, we held that the settlement agreement in this case did not become a part of the divorce decree. Therefore, the cited case has no application.

Plaintiff contends that she should have been awarded damages upon the theory that the amount of damages was agreed upon by a stipulation in the record as to what the premiums upon a $10,000 insurance policy would be. The stipulation did not go to the extent of agreeing that such sum could be considered damages, and we have heretofore held that damages for the failure to carry life insurance may not be recovered, as there is no principle of law under which the measure of such damages may be fixed. Campbell v. Campbell, 28 Okla. 838, 115 P. 1111.

The question of whether the contract may be specifically enforced, because it requires the assent of a third party, to wit, an insurance company, inheres in the case, since it is well established that specific performance will be denied where the decree could not be enforced. 58 C. J. p. 882, §39. The general rule is that where performance depends upon the consent or approval of one not a party to the contract, and such approval or consent is withheld or refused, or it does not appear that it may be obtained, specific performance will not be decreed. 58 C. J. p. 884, §40; Williston on Contracts (Rev. Ed.) vol. 5, §1422.

Contracts of this nature have been considered by this court in two cases. In Hardy v. Deskins, 95 Okla. 108, 215 P. 738, we held that specific performance of an assignment of a departmental oil and gas lease would be denied where it was not shown that the Interior Department would approve such assignment. That case placed upon plaintiff the burden of showing that such approval could be obtained, since it was the duty of plaintiff, the assignee, to procure such approval.

In Rice v. Theimer, 45 Okla. 618, 146 P. 702, we held that a contract for the sale of land would be specifically enforced, although the consent of a third party was necessary to its performance, where the record showed that such third party consented to the sale.

In a great many cases, such as Fiedler v. Coast Finance Co., 129 N.J. Eq. 161, 18 Atl. 2d 268, 135 A.L.R. 273, specific performance had been denied where the defendant, in order to perform, was required to procure the consent of a particular party or body as a prerequisite to performance. Obviously such cases are distinguishable from the instant case, for the reason that life insurance companies are at all times willing to enter into contracts of insurance with persons having no physical disability sufficient to cause them to be considered "bad risks", and having financial ability to pay the premiums. In other words, willingness on the part of the insurance companies to write such insurance may be presumed, if defendant is physically qualified, and financially able to pay the premiums. Aside from the fact that at the time the contract was entered into defendant carried insurance, there is no evidence in the record on this point.

Since defendant, by his contract, agreed to provide such insurance, his inability to procure insurance, if he is in fact unable to do so, is a matter of defense. In 58 C.J. p. 1166, §495, the general rule is announced as follows:

"As a general rule the bill or complaint need not allege defendant's ability to perform, as his inability is a matter of defense; it is sufficient if it does not appear therefrom that performance is impossible."

A number of cases are cited in support of the statement.

A statement which we consider peculiarly applicable to the instant case is contained in Columbia River Co. v. Smith, 83 Ore. 137, 162 P. 831. In that case the court said:

"The plaintiff has a binding contract signed by the defendant upon which it is entitled to rely and to invoke the aid of the courts in its enforcement. Whether or not the defendant is capable of performing is a matter peculiarly within his own knowledge, and his rights are conserved by the privilege of answering and making the defense of inability."

The judgment is reversed, with directions to permit the defendant, if he so desires, to recast his pleadings, and plead and prove his present inability to procure an insurance policy such as he contracted to procure in favor of plaintiff, if he is in fact unable to do so. In event he fails to establish that he is unable, for a cause or causes beyond his control, to procure the necessary life insurance policy to comply with his contract, specific performance should be decreed.

Justice BAYLESS having certified his disqualification, Honorable JACK L. RORSCHACH, of Vinita, was appointed in his stead.

HURST, C.J., and RILEY and CORN, JJ., and RORSCHACH, S.J., concur. DAVISON, V.C.J., and WELCH, GIBSON, and ARNOLD, JJ., dissent.

Rehearing Denied Nov. 30, 1948.