OPINION. Black, Judge: This proceeding presents for the determination of the Court a single question, namely, the deductibility of certain contributions made by petitioner. The amount of the contributions ($6,000) is not in dispute, and the fact that they were made to an organization within the permitted class described in section 23 (o) (2) of the Internal Revenue Code is not contested by respondent. The issue between the parties narrows itself down, therefore, to this: In what taxable year are the contributions involved in this proceeding deductible from petitioner’s taxable income? Petitioner contends they are deductible in 1946. Respondent has determined to the contrary. The applicable statute is printed in the margin.[1] Section 29.23(o)-l, Regulations 111, reads in part, as follows: Contributions or Gifts by Individuals. — A deduction is allowable under section 23 (o) only with respect to contributions or gifts which are actually paid during the' taxable year, regardless of when pledged and regardless of the method of accounting employed by the taxpayer in keeping his books and records. * * * It is clear from the findings of fact which we have made that the two checks aggregating $6,000 were not actually deposited and collected by the Sisters of the Holy Cross until in the year 1947. It is equally clear that the checks were made out to the Sisters of the Holy Cross on December 31, 1946, by the Beaumont Rice Mills. On that same day they were charged by Beaumont Rice Mills to the Broussard Trust and, in turn, were charged by the Broussard Trust to the account of Estelle Broussard, the petitioner, on the books of the trust. On the same date they were delivered to petitioner Estelle Broussard, a member of the Sisters of the Holy Cross, for transmittal to the Order. The money represented by these checks no longer was the property to Estelle Broussard. From and after their issuance these checks belonged to the Sisters of the Holy Cross. When the Rice Mills checks were delivered by C. E. Broussard to Sister Mary Rita Estelle in her capacity as a Sister of the Holy Cross, delivery to that Order occurred. Such seems plainly to have been the intention of the parties and there is no valid reason so far as we can see why their intention should not be given its legal effect. When this is done, we think a payment of the $6,000 in question to the Sisters of the Holy Cross took place on December 31,1946. We think the facts in the instant case bring it within the ambit of our decision in Estate of Modie J. Spiegel, 12 T. C. 524. In that case the petitioners’ decedent in December 1942, drew and delivered two checks for contributions to organizations qualifying under section 23 (o) (2) of the Internal Revenue Code. The checks were presented to the drawee banks and paid in January 1943, one of them after the death of the decedent. On these facts we held that under section 23 (o) “‘payment’ of the contributions or gifts was made in 1942,” and that the Commissioner’s denial of the deductions in that year was error. We see no distinction irr substance between the facts in the instant case and those which were present in the Spiegel case, supra. It is true that the Sisters of the Holy Cross did not have a local house in Beaumont, Texas, where the checks were issued as did the charities located in Chicago, in the Spiegel case. But in the instant case the checks were made out direct to the order of “Sisters of the Holy Cross,” in the same manner as the checks were made out direct to the respective charities in the Spiegel case, and were .delivered to Sister Mary Rita Estelle, a member of the Order, for direct transmittal to the proper officials of the Order. It seems to us that this was just as effective delivery to the Sisters of the Holy Cross as if they had a house in the City of Beaumont. We, therefore, think there is no distinction in substance between the facts of the instant case and those which were present in the Spiegel case. Therefore, following that case, we decide the only issue involved in favor of the petitioner. Decision will be entered for the petitioner. INTERNAL REVENUE CODE. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: ***** * * (o) Charitable and Other Contributions. — In the caBe o£ an individual, contributions or gifts payment of which is made within the taxable year to or for the use of: [[Image here]] (2) a corporation, trust, or community chest, fund, or foundation, created or organized in the United States, * * * organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes. * * * * ****** to an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer's adjusted gross income. * * *