DICK BROTHERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26652. Promulgated July 30, 1952.

*George W. Hamilton, Esq.*, for the petitioner.
*Edward Pesin, Esq.*, for the respondent.

OPINION.

BRUCE, *Judge:* The petitioner is a Pennsylvania corporation located at Reading, Pennsylvania. It filed its income and excess profits tax returns for the taxable year with the collector of internal revenue for the first district of Pennsylvania. It maintains its books of account and files its returns on the accrual basis.

A large majority of the outstanding stock of petitioner was held by Charles K. Dick. The remainder, except for a small block in the name of four employees, was held by G. Leonard Kestner, Elmer E. McKinney, and Harvey H. Hollenbach. The board of directors of petitioner at all times pertinent hereto consisted of the four persons named above.

---

On February 18, 1943, the petitioner created an employees' pension trust, hereafter called the Trust, under a formal trust agreement by and between the petitioner and the Reading Trust Company as Trustee. This agreement, as amended on September 28, 1944, was the trust instrument in existence during 1945 and, as amended, was ruled by respondent as meeting the requirements of section 165 (a) of the Internal Revenue Code. By the terms of the trust agreement the Trustee was to receive contributions made by petitioner to the Trust and to hold, distribute, and otherwise deal with the same in accordance with the terms and provisions of the Trust.

The aforesaid trust agreement provided for the management of the Trust by a Pension Committee of three members appointed by petitioner's directors and removable by them in the exercise of the discretion of such directors. With respect to the so called Pension Committee, the trust instrument provides, *inter alia*, as follows:

*ARTICLE II—Pension Committee*

(a) The Company has appointed a pension committee (hereinafter called the Committee), consisting of three members who shall serve at the pleasure of the Company. The term of office of each member of the Committee shall be determined by the Company and in the event of death or resignation, the successor shall be appointed by the said Company. The Committee may make rules and regulations for the administration of the plan not inconsistent with the terms of this agreement. A majority of the Committee shall constitute a quorum and any action by a majority vote at a meeting or in writing without a meeting shall constitute the action of the Committee. Any action in good faith which this agreement authorizes or requires the Committee to do shall be final and binding upon every participant in the plan and upon each and every person who may be or become interested in this agreement or any benefits conferred hereunder.

(b) The Committee shall have the sole right and power to construe and interpret this agreement in any particular and in general to administer the plan for the best interest of all persons concerned.

(c) The Committee shall direct the Trustee as to the allocation of funds among participants and shall direct the Trustee as to the investment, reinvestment, sale, assignment, and distribution of the funds and as to such action with respect to such funds as may be deemed advisable in the opinion of the Committee.

\* \* \* \* \* \* \*

Throughout the year 1945 the petitioner accrued monthly on its books sums totaling its contribution to the Trust for the prior year. The trust instrument required the amount of the contribution to be actuarily determined. This was done after the close of the calendar year, and on February 25, 1946, the petitioner received from its actuary a letter stating the total net contribution to the Trust for the year 1945 to be in the sum of $42,547.88. Following the receipt of this letter, on February 28, 1946, Charles K. Dick, treasurer of the petitioner, signed the petitioner's check drawn on Berks County Trust

Company, Reading, Pennsylvania, for $42,547.88, payable to "Reading Trust Co., Trustee," to be submitted in payment of the 1945 contribution to the Trust. The Pension Committee provided for under the trust agreement consisted of Charles K. Dick, G. Leonard Kestner, and Harvey H. Hollenbach. On the same date that the aforesaid check was drawn, G. Leonard Kestner, vice president and secretary of petitioner and a member of the Pension Committee, prepared a letter from the Committee addressed to the Trustee, transmitting the aforesaid check to the Reading Trust Company, for the attention of George D. Snyder, its trust officer. This letter was signed on the same date by the Pension Committee, by all three members of the Committee. On being signed, this letter was left with Charles K. Dick, together with the signed check for $52,547.88, for delivery of both to the Trustee. Receipt of this letter and enclosed check were acknowledged by the Trustee in a letter dated March 4, 1946, and the check was actually paid on March 5, 1946.

The parties agree that the pension plan involved here meets the requirements of section 165 (a), that the amount of the total contribution was not in excess of the maximum contribution permissible under section 23 (p), and if payment of this contribution was in fact made to the Trust within 60 days after December 31, 1945, such contribution is properly deductible for that year.

Deductions are granted to taxpayers by legislative grace and in order to secure deductions taxpayers must clearly show that they are within the terms of the statute. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435; *Lake, Inc.* v. *Commissioner*, 148 F. 2d 898; certiorari denied 326 U. S. 732.

Section 23 (p) (1) (E) [1] provides that a contribution of the character here in question must be paid into the Trust within 60 days after the close of the taxable year of accrual. In *Logan Engineering Co.*, 12 T. C. 860, we said:

In view of the exception spelled out in section 23 (p) (1) (E), it is apparent that one of the purposes of section 23 (p) was to place cash and accrual tax-

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
  In computing net income there shall be allowed as deductions:
  *       *       *       *       *       *       *
  (p) CONTRIBUTIONS OF AN EMPLOYER TO AN EMPLOYEES' TRUST OR ANNUITY PLAN AND COMPENSATION UNDER A DEFERRED-PAYMENT PLAN.—
     (1) GENERAL RULE.—If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing, or annuity plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under subsection (a) but shall be deductible, if deductible under subsection (a) without regard to this subsection, under this subsection but only to the following extent:
     *       *       *       *       *       *       *
        (E) For the purposes of subparagraphs (A), (B), and (C), a taxpayer on the accrual basis shall be deemed to have made a payment on the last day of the year of accrual if the payment is on account of such taxable year and is made within sixty days after the close of the taxable year of accrual.
     *       *       *       *       *       *       *

payers on an equal footing with respect to contributions to employees' trusts, even though the legislative history of this subsection is not as explicit as that of subsections 23 (o) and (q). That Congress intended that only contributions actually paid should be deducted under section 23 (p) appears from the Report of the Ways and Means Committee on the Revenue Revision Act of 1948, 80th Cong. Rept. No. 2087, p. 13, in which it was said, concerning section 23 (p) (1) (E), that "An employee on the accrual basis of accounting may under existing law deduct contributions *actually paid* within the first 60 days of the subsequent year." (Italics supplied.) See also Regulations 111, sec. 29.23 (p)–1. While the Congressional report above referred to was made some years after the amendments to section 23 (p), it may be considered in ascertaining the legislative intent. See *Sioux Tribe* v. *United States*, 316 U. S. 317, 329–330.

The stipulated facts show that a check was prepared and signed by petitioner for the amount of the contribution on the day prior to the last day of the 60-day period in which the payment was required to be made, and that on the same day a letter of transmittal was signed by the Pension Committee addressed to the Trustee. The stipulated facts show nothing with respect to when this letter was mailed or was actually received by the Trustee, the only fact being that its receipt was acknowledged by the Trustee on March 4, 1946, three days after the close of the 60-day period.

Petitioner contends that such facts are sufficient to establish delivery of the check within the required time even though payment of the check was agreed to have occurred after the statutory period had expired. It cites *Estate of M. A. Bradley*, 19 B. T. A. 49, affd. 56 F. 2d 728, and *Estate of Modie J. Spiegel*, 12 T. C. 524, for the proposition that where payment is made by check, the date of delivery is considered to be the date of payment even if the check is actually paid on a subsequent date. In the present case, however, there is no evidence to show that delivery of the check to the Trustee occurred on or prior to the expiration of the statutory period on March 1, 1946.

Petitioner also contends that the leaving of the check with Dick, a member of petitioner's Pension Committee, accompanied by a letter from the Committee to the Trustee transmitting it as petitioner's contribution to the Trust, was in substance delivery to the Trustee. It cites *Estelle Broussard*, 16 T. C. 23, for the proposition that delivery of the check to a representative of the payee was equivalent to delivery to the payee. See also *International Bedaux Co.*, 17 T. C. 612.

Here, however, we have no evidence that would support a finding that the Pension Committee was in fact an agent of the Trustee in the receipt of trust funds. In both of the last cited cases the Court expressly found that the check was delivered to an agent or representative of the payee. We have examined with care the trust instrument and, while it is unquestioned that the terms of this instrument empower the Pension Committee to direct the Trustee in investment and

disbursement of trust funds, there is no provision empowering the Committee to act for the Trustee in the receipt of funds.

Under the facts as stipulated we must conclude that petitioner has not established the fact that payment of the contribution was actually made to the Trust within the statutory time limit. The determination of the respondent was not in error.

*Decision will be entered for the respondent.*