## DICK BROS., Inc. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10953.

United States Court of Appeals Third Circuit.

Argued April 21, 1953.

Decided June 5, 1953.

H. Cecil Kilpatrick, Washington, D. C. (George W. Hamilton, Washington, D. C., on the brief), for petitioner.

Joseph F. Goetten, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Helen Goodner, Washington, D. C., on the brief), for respondent.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

The sole question presented is whether a taxpayer corporation's contribution to an employees' pension trust ("Trust") was paid into such Trust within sixty days after the close of the taxable year 1945 so as to be deductible in accordance with section 23(p) of the Internal Revenue Code.[1]

The facts as stipulated are detailed in the opinion of the Tax Court, 18 T.C. 832. Briefly they are as follows:

Dick Brothers, Inc. is a Pennsylvania corporation located in Reading, Pennsylvania. A large majority of its stock was held by Charles K. Dick, its president and treasurer. On February 18, 1943, petitioner created the Trust, admittedly valid, under section 165(a) of the Internal Revenue Code[2] in a formal trust instrument between it and the Reading Trust Company as Trustee. The trust agreement provided for the management of the Trust· by a Pension Committee ("Committee") of three of taxpayer's directors, including Dick. It further provided in Article II(c):

"(c) The Committee shall direct the Trustee as to the allocation of funds among participants and shall direct the Trustee as to the investment, reinvestment, sale, assignment, and distribution of the funds and as to such action with respect to such funds as may be deemed advisable in the opinion of the Committee."

1. 26 U.S.C. § 23.
2. 26 U.S.C. § 165(a).

The taxpayer maintains its books of account and files its returns on the accrual basis.

Throughout the year 1945 taxpayer accrued monthly on its books sums totaling its contribution to the Trust for the prior year. The trust instrument required the amount of the contribution to be actuarily determined. This was done after the close of the calendar year, and on February 25, 1946, taxpayer received from its actuary a letter stating the total net contribution of the Trust for the year 1945 to be in the sum of $42,547.88. Following the receipt of this letter, on February 28, 1946, Dick as treasurer of taxpayer, signed its check drawn on Berks County Trust Company, Reading, Pennsylvania, for $42,547.88, payable to "Reading Trust Co., Trustee," to be submitted in payment of the 1945 contribution to the Trust. On the same date the Committee prepared a letter addressed to the Trustee, transmitting to it the check. The letter was signed on the same date (February 28) by all three members of the Committee, and was left, together with the signed check, with Dick for delivery of both to the Trustee. Receipt of this letter and enclosed check was acknowledged by the Trustee in a letter dated March 4, 1946. There is no direct evidence in the record as to when the check reached the office of the corporate Trustee.[3]

Section 23(p) (1) (A) provides that contributions to an employees' pension trust shall be deductible in the year when paid, and subsection (E) of that section provides that taxpayers on the accrual basis "shall be deemed to have made a payment on the last day of the year of accrual if the payment is on account of such taxable year and is made within sixty days after the close of the taxable year of accrual."

Section 29.23(p)–1 of Treasury Regulations 111 provides that subsection (E) "is intended to permit a taxpayer on the accrual basis to deduct * * * provided payment is actually made within 60 days after the close of the year of accrual."

3. Dick died before the Commissioner determined the deficiency.

The amount so paid by the taxpayer was deducted by it in its 1945 return, but was disallowed by the Commissioner on the sole ground that it was not paid *within sixty days* from the close of such year. It is undisputed that the pension plan met the requirements of section 165(a) of the Code, that the amount of the total contribution was not in excess of the maximum contribution permissible under section 23(p), and that, if payment of this contribution was in fact made to the Trust within sixty days after December 31, 1945, such contribution was properly deductible for that year.

Taxpayer contends that the delivery of the check to Dick, as a member of the Committee, accompanied by a letter from the Committee to the Trustee transmitting it as the taxpayer's contribution to the Trust, constituted delivery to the Trustee. The Tax Court sustained the Commissioner's position on its determination: (1) "The stipulated facts show nothing with respect to when this letter was mailed or was actually received by the Trustee"; (2) "there is no evidence to show that delivery of the check to the Trustee occurred on or prior to the expiration of the statutory period on March 1, 1946"; and (3) "we have no evidence which would support a finding that the Pension Committee was in fact an agent of the Trustee in the receipt of trust funds."

■ The critical evidence in the record comes to this: On Thursday, February 28, which was the fifty-ninth day after the close of the taxable year 1945, the check and letter were given to Dick for delivery to the Trustee. On Monday, March 4, the sixty-third day, receipt of the check and letter was acknowledged. Payment to the Trustee was required to be made Friday, March 1, the sixtieth day. In our view, proof that the letter and check were given to Dick on the fifty-ninth day, when there remained ample time for the check to be delivered to the Trustee, either personally or in the ordinary course of the mails, within the sixty day limit, gave rise to a presumption that they were so delivered. Since there is no evidence in the record in the slightest degree inconsistent with this presumption,

it must stand, and the taxpayer is entitled to the deduction.

It has long been established that a presumption exists that a public officer has performed his duty. For example, in New River Mineral Co. v. Roanoke Coal & Coke Co., 110 Fed. 343 (4th Cir. 1901), the issue presented was whether a sheriff's return was made within five days, as required by statute. The return admittedly had been made, but the date of the return was not known (a fact situation strikingly similar to the instant case). It was held that there is a presumption of law, until the contrary is proved, that the officer performed his duty. See also D'Oench, Duhme & Co. v. Federal Dep. Ins. Corp., 1942, 315 U.S. 447, 468, 62 S.Ct. 676, 86 L.Ed. 477; Atchison, Topeka, & Sante Fe Ry. Co. v. Elephant Butte Irr. Dist., 10 Cir., 1940, 110 F.2d 767.

Although there is a conflict of opinion as to whether this principle extends to duties and obligations imposed upon private individuals (see 20 Am.Jur. sec. 227, p. 222, and cases therein cited), the great weight of authority is of the view that the same presumption applies. Thus in The Bank of the United States v. Dandridge, 1827, 12 Wheat. 64, 25 U.S. 64, 69, 70, 6 L.Ed. 552 the Supreme Court said:

"By the general rules of evidence, presumptions are continually made in cases of private persons of acts even of the most solemn nature, when those acts are the natural result or necessary accompaniment of other circumstances. In aid of this salutary principle, the law itself * * * indulges its own presumptions. *It presumes that every man, in his private and official character, does his duty, until the contrary is proved; it will presume that all things are rightly done, unless the circumstances of the case overturn this presumption,* according to the maxim, omnia presumuntur rite et solemnitur esse acta, donec probetur in contrarium." (Emphasis supplied.)

See also Curl v. Security Trust Co., 1945, 127 W.Va. 501, 33 S.E.2d 677, 161 A.L.R. 855; Smith v. Fuller, 1912, 86 Ohio St. 57, 99 N.E. 214, L.R.A.1916C, 6; Atlanta Coca-

Cola Bottling Co v. Shipp, 170 Ga. 817, 154 S.E. 243, 71 A.L.R. 1295.

The circumstances of this case only serve to strengthen this presumption. The Committee was patently aware of the sixty-day limit, and meeting it was greatly to the taxpayer's advantage, taxwise. It would have been the grossest kind of negligence for Dick, as a member of the Committee, to have failed in the performance of his duty. Furthermore, as owner of the majority of stock in taxpayer, it would have been to his personal financial advantage to perform it properly. It has been said that there is a further presumption that individuals will act in the manner which their self-interest requires. Allen v. Allen, 1948, 201 Okl. 1, 201 P.2d 786, 12 A.L.R.2d 977; Placid Oil Co. v. North Central Texas Oil Co., 1944, 206 La. 693, 19 So.2d 616.

On the other hand, the fact that acknowledgment was not made until the following Monday is not at all inconsistent with this presumption. There was no urgency or duty requiring prompt acknowledgment as far as the Trustee was concerned. Moreover, the letter was more than a routine acknowledgment of the receipt of a check. It discussed the market with respect to government bonds and requested from the Committee "instructions as to the investment of these funds" (the $42,547.88 payment).[4] Weight must be accorded to the fact, disclosed by the record, that in the preceding year the Trustee had not acted with promptness in acknowledging receipt of the taxpayer's contribution to the Pension Fund. In 1945, the taxpayer sent its contribution (for 1944) by letter dated February 26th—a Monday—and it was not until Friday of that week, March 2d, that the bank acknowledged receipt of the check.

We are aware that a taxpayer claiming a deduction has the burden of bringing himself within the terms of the statute authorizing such relief. New Colonial Ice Co. v. Helvering, 1934, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; P. G. Lake, Inc. v. Commissioner, 5 Cir., 1945, 148 F.2d 898, certiorari denied, 1945, 326 U.S. 732, 66 S.Ct. 41, 90 L.Ed. 436. But in so doing he is not deprived of the aid of presumptions. For example, compensation paid an employee is deductible under section 23(a) (1) (A) if it is a reasonable allowance. The burden of proving reasonableness is on the taxpayer claiming the deduction, but it has been held that the action of the Board of Directors of a corporation in voting salaries for any given period is entitled to the presumption that such salaries are reasonable and proper. Mayson Mfg. Co. v. Commissioner, 6 Cir., 1949, 178 F.2d 115, 119.[5] Procedurally, the burden of proof is on the taxpayer. That means he cannot come into court and say that there is a presumption that he would not have claimed the deduction were he not entitled to it. He must affirmatively prove his case. But in tax cases, as in any other case, he need not give direct proof of every element of his case; he may prove certain facts circumstantially or with the aid of presumptions. In our view, taxpayer has proved it is entitled to the deduction claimed, on the grounds stated.

In our opinion the Tax Court erred in its determination on another score.

The trust instrument clearly establishes that the Committee was part and parcel of the "package" of the Trust. It and it alone, was charged with the duty of directing the "investment, reinvestment, sale, assignment, and distribution of the funds".

---

4. The acknowledging letter was signed by the vice-president and trust officer of the bank and disclosed that it had been dictated to and transcribed by a stenographer. There is no basis for an assumption that either the officer or the stenographer acted with military dispatch. Further, there was the circumstance that a week-end intervened between the sixtieth day and the sixty-third day when acknowledgment was made.

5. To the same effect are Ox Fibre Brush Co. v. Blair, 4 Cir., 1929, 32 F.2d 42, 68 A.L.R. 696; Toledo Grain & Milling Co. v. C. I. R., 6 Cir., 1932, 62 F.2d 171, 172; Capitol-Barg Dry Cleaning Co. v. C. I. R., 6 Cir., 1942, 131 F.2d 712, 715; Steiden Stores, Inc., v. Glenn, D.C.W.D. Ky.1950, 94 F.Supp. 712.

The bank Trustee was merely a custodial trustee; that and nothing more.

■ Accordingly, since the Committee was part of the "package" of the Trust, delivery of the pension fund check to it constituted delivery to the Trust within the meaning and purview of subsection (E) and the Treasury Regulations. Cf. Broussard v. Commissioner, '1951, 16 T.C. 23. The Tax Court sought to distinguish its ruling in the Broussard case by saying the checks were there delivered "to an agent or representative of the payee". The facts in that case disclose, however, that she received the checks, under her own directions, for "transmittal to" the payee. In the instant case the taxpayer delivered the check to the Committee and the latter gave it to Dick "for delivery" to the Trustee. See Restatement, Trusts, Sec. 35, Comment (a).

For the reasons stated the decision of the Tax Court will be reversed.