MADISON NEWSPAPERS, Inc.,
Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 12082.

United States Court of Appeals
Seventh Circuit.

March 5, 1958.

Rehearing Denied April 8, 1958.

John Enrietto, Dean C. Cameron, Chicago, Ill., for petitioner, Hamel, Park & Saunders, Chicago, Ill., of counsel.

Charles K. Rice, Asst. Atty. Gen., David O. Walter, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., A. F. Prescott, Lee A. Jackson, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before SCHNACKENBERG and PARKINSON, Circuit Judges, and WHAM, District Judge.

PARKINSON, Circuit Judge.

Taxpayer, Madison Newspapers, Inc. petitioner here, seeks review and reversal of the Tax Court's decision that it does not come within the provisions of 26 U.S.C., 1952 edition, § 459(c), 26 U.S.C.A. Excess Profits Taxes, § 459(c) and there is, therefore, a deficiency of $2,142.41 in its income tax for the fiscal year ended September 30, 1950.

The facts are undisputed and the only issue is whether Madison Newspapers, Inc., an acquiring corporation whose component corporations consolidated their newspaper operations, is a taxpayer which *consolidated its mechanical, circulation, advertising and accounting operations in connection with its newspaper publishing business with such operations of another corporation engaged in the newspaper publishing business.* If so it is entitled to the benefits of § 459(c) and

*if not the decision of the Tax Court is correct.*

The relevant facts are that the Capital Times Publishing Company and the Wisconsin State Journal Publishing Company were Wisconsin corporations. Each corporation published a newspaper in Madison, Wisconsin prior to January 1, 1946 and continued to do so until November 15, 1948. The newspapers published by them, respectively, were The Capital Times and The Wisconsin State Journal. They each filed income tax returns for the calendar years 1946 and 1947.

On November 15, 1948 these two corporations consolidated and thereby formed a new corporation Madison Newspapers, Inc., the taxpayer and petitioner herein. The stockholders of the two corporations exchanged all of their stock for stock in the new corporation and Madison Newspapers, Inc. took over all the assets and assumed all the liabilities of the former corporations.

After November 15, 1948 Madison Newspapers, Inc. enlarged the building previously occupied by the Wisconsin State Journal Publishing Company. Upon completion in August 1949 Madison Newspapers, Inc. consolidated the mechanical, circulation, advertising and accounting operations of the two newspapers, then owned and being published by it, in this enlarged building. The editorial departments of the two newspapers, however, were kept separate for reasons not here material.

From November 15, 1948 to February 1, 1949 Madison Newspapers, Inc. published both an evening and a Sunday edition of each newspaper. After February 1, 1949 and through the taxable year involved it published an evening newspaper called The Capital Times and a morning and a Sunday newspaper called The Wisconsin State Journal.

Madison Newspapers, Inc., as agent, filed a corporation income tax return for the Capital Times Publishing Company and for the Wisconsin State Journal Publishing Company for the period from January 1, 1948 to November 15, 1948. It filed a corporation income tax return for itself for the period from November 1, 1948 to September 30, 1949 and a corporation income and excess profits tax return for the fiscal year ending September 30, 1950.

Section 459(c) (1), one of the requirements for inclusion within § 459(c), reads as follows:

"(c) Consolidation of newspaper operations. In the case of a taxpayer engaged primarily in the newspaper publishing business in its last taxable year ending before July 1, 1950, if—

"(1) After the close of the first half of the base period of the taxpayer and prior to July 1, 1950, the taxpayer consolidated *its* mechanical, circulation, advertising, and accounting operations in connection with its newspaper publishing business with such operations of *another corporation* engaged in the newspaper publishing business in the same area;". (Emphasis added.)

■ It is well settled law that before a taxpayer is entitled to a provision of tax legislation beneficial to him he must bring himself within its terms. New Colonial Ice Co., Inc., v. Helvering, 1934, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348; Dick Bros., Inc., v. Commissioner, 3 Cir., 1953, 205 F.2d 64, 67; Patten Fine Papers, Inc., v. Commissioner, 7 Cir., 1957, 249 F.2d 776, 779–780.

■ The petitioner contends that it substantially qualifies under § 459(c) (1) and that the Tax Court in holding to the contrary exalted form over substance. The language of this section is plain and unambiguous. It is clear that the taxpayer, Madison Newspapers, Inc., did not consolidate its mechanical, circulation, advertising and accounting operations with such operations of *another corporation*. However, the petitioner ar-

gues that this court should hold that for purposes of § 459(c) (1) the Capital Times Publishing Company consolidated its operations with the Wisconsin State Journal Publishing Company and that the creation of Madison Newspapers, Inc., prior to the operational consolidation, should be entirely disregarded. This we can not do for it would amount to judicial revision of the taxing statutes. The plain unadulterated fact is that the taxpayer, Madison Newspapers, Inc., owned two newspapers and consolidated their mechanical, circulation, advertising and accounting operations but did not so consolidate with another corporation.

The Tax Court held that:

"The petitioner contends that since it is an 'acquiring corporation' within the definition in section 461 (a) (4), and is entitled to use the base period income experience of its components in the determination of its average base period net income and excess profits credit, it may treat the consolidation of the operating departments acquired from one of its components with the operating departments acquired from the other as a consolidation within the scope of section 459(c) (1).

"While section 462(b) authorizes inclusion of the base period excess profits income of components in determining average base period net income of an acquiring corporation, this authorization does not apply to the situation before us. The component corporations did not consolidate their operations for they had ceased to do business before the physical consolidation of the operating departments was begun. The petitioner, as the respondent points out, did not consolidate its operating departments with those of another corporation. The language of the statute is clear and cannot by implication be extended to a consolidation of two departments of the same corporation such as took place here. The petitioner does not meet the requirements of section 459(c) (1) and is not entitled to compute its average base period net income in accordance with section 459(c)."

We believe the decision of the Tax Court was correct and is, therefore,

Affirmed.